In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00395-CV**
_____

**IN RE MARY RUFFIN**

**Original Proceeding**
**County Court at Law No. 1 of Jefferson County, Texas**
**Trial Cause No. 138,167**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Mary Ruffin complains because the Jefferson County Judge has been assigned to preside over the case she originally filed in Justice Court and then appealed de novo to the County Court at Law Number 1 of Jefferson County. We deny the petition for a writ of mandamus.

Background

Ruffin sued Grassano Properties Inc. ("Grassano") in a Jefferson County Justice Court. *See Ruffin v. Grassano Props., Inc.*, No. 09-22-00422-CV, 2024 WL 4986065, at *1 (Tex. App.—Beaumont Dec. 5, 2024, no pet.) (mem. op.). The

1

Justice Court granted Grassano's motion for summary judgment, dismissed Ruffin's case with prejudice, and ordered Ruffin to pay attorney's fees. *Id*. On appeal to the County Court at Law Number 1, the trial court signed an Order Remanding Case Back to Justice Court because Ruffin filed an Appeal Bond but failed to timely pay the filing fee. *Id*. at *2. Ruffin appealed to this Court, which reversed the trial court's final order and remanded the case to the trial court for a hearing on her statement of inability to afford payment of costs. *Id*. at *6.

On remand, it appears Judge Shelton, in his capacity as the local administrative judge for the Jefferson County District Courts, was notified by Judge Eddins of Judge Eddins' voluntary recusal of himself from Trial Cause Number 138,167. On May 28, 2025, citing Local Rule 8(d) of the Local Rules of Administration for the District and Statutory County Courts of Jefferson County, Texas, Judge Shelton signed an order transferring the case "to Judge Jeff Branick, County Judge, Jefferson County." On April 25, 2025, a letter signed by a Senior Deputy County Clerk notified the parties that "the cause referenced above was transferred to Jefferson County Court with Judge Jeff Branick" and added, "Please file any further documents in the same cause #138167."

On July 14, 2025, Ruffin filed a Notice to the Jefferson County Clerk in Trial Cause Number 138,167. In this "notice" to the clerk, Ruffin stated that she had discovered that the County Clerk's Office had been redirecting her filings in her suit

2

to Judge Branick. She contended the Clerk's Office's action was improper because Judge Branick "is not a properly assigned district judge" in violation of Local Rule 8(d).

On July 9, 2025, Judge Branick held a status conference attended by Ruffin and by Grassano's new counsel. Grassano's previous attorney had filed a motion to withdraw. Judge Branick heard Grassano's motion to substitute counsel. Ruffin complained that the motion to substitute failed to state good cause for the substitution. Judge Branick mentioned that Ruffin had filed something the previous day that referred to Local Rule 8, and explained to Ruffin that her case was an appeal de novo from the Justice Court and his court was the only Jefferson County court with concurrent jurisdiction over the matter. He discussed getting a docket control order and proceeding with discovery in the case.

On July 9, 2025, Judge Branick, sitting as the County Court at Law Number 1, signed an order granting Grassano's motion to substitute counsel. On July 11, 2025, Ruffin filed a Motion to Enforce Local Rule 8(d) and Vacate Improper Assignment. Ruffin argued Local Rule 8(d) required an assignment to a civil district court judge. She contended it was an abuse of discretion for Judge Shelton "to assign this case to the County Judge in Commissioner's Court." She argued "the Commissioner's Court, headed by the County Judge is primarily an administrative

3

and legislative body" and when Judge Eddins recused himself "the case remains within the judicial system."

Analysis

Ruffin argues her case is not properly before Judge Branick because Rule 8(d) of Jefferson County's local rules of administration required Judge Shelton, as the local administrative district court judge, to assign the case to a district court in the Civil Division of the Jefferson County courts.

> A local administrative judge, for the courts for which the judge serves as local administrative judge, shall: (1) implement and execute the local rules of administration, including the assignment, docketing, transfer, and hearing of cases; . . . (10) coordinate and cooperate with any other local administrative judge in the district in the assignment of cases in the courts' concurrent jurisdiction for the efficient operation of the court system and the effective administration of justice[.]

Tex. Gov't Code Ann. § 74.092(a).

In pertinent part, Local Rule 8(a) states: "A voluntary recusal by the County Court at Law No. 1 will result in an assignment to a civil district court judge pursuant to the civil district court transfer rule in this paragraph if there is overlapping subject matter jurisdiction." Local Rules of Administration for the District and Statutory County Courts of Jefferson County, Texas (amended October 4, 2024).

In this case, the district courts lack overlapping jurisdiction. "An appeal from the justice courts or municipal courts in Jefferson County must be made directly to any of the county courts at law in Jefferson County." Tex. Gov't Code Ann. §

4

25.1252(l). It appears that when Judge Eddins informed Judge Shelton of his voluntary recusal, Judge Shelton realized the district courts lacked overlapping jurisdiction and assigned Judge Branick to preside in the case filed in the County Court at Law Number 1.

Judge Branick may preside over a de novo appeal from justice court that is pending in County Court at Law Number 1, as he is a licensed attorney and an appeal from a justice court is within the general jurisdiction of the County Court. "A county court has appellate jurisdiction in civil cases over which the justice courts have original jurisdiction in cases in which the judgment appealed from or the amount in controversy exceeds $250, exclusive of costs." *Id*. § 26.042. "If the county judge is licensed to practice law in this state, the County Court of Jefferson County has jurisdiction concurrent with the County Court at Law of Jefferson County over all causes and proceedings, civil and criminal, juvenile and probate, original and appellate, over which by the constitution and general laws of this state county courts have jurisdiction." *Id*. § 26.223.

Judge Branick may preside in a case filed in the County Court at Law Number 1. The judges of constitutional county courts and statutory county courts "may transfer cases to and from the dockets of their respective courts, except that a case may not be transferred from one court to another without the consent of the judge of the court to which it is transferred and may not be transferred unless it is within the

jurisdiction of the court to which it is transferred." *Id*. § 74.223(a). "The judges of those courts within a county may exchange benches and courtrooms with each other so that if one is absent, disabled, or disqualified, the other may hold court for him without the necessity of transferring the case." *Id*. "Either judge may hear all or any part of a case pending in court and may rule and enter orders on and continue, determine, or render judgment on all or any part of the case without the necessity of transferring it to his own docket." *Id*. "A judge may not sit or act in a case unless it is within the jurisdiction of his court." *Id*. "Each judgment and order shall be entered in the minutes of the court in which the case is pending." *Id*. Judge Eddins recused himself from presiding in Trial Cause Number 138,167. Thus, by operation of section 74.223(a), Judge Branick could sit for him.

Ruffin has not shown that she is entitled to mandamus relief. We deny the petition for a writ of mandamus and request for temporary relief. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on November 5, 2025
Opinion Delivered November 6, 2025

Before Johnson, Wright and Chambers, JJ.

6